**Rhonda WILKINSON, Plaintiff—
Appellant,**

v.

**CLARK COUNTY SCHOOL DISTRICT,
Defendant—Appellee.**

No. 07–15627.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 10, 2009.

Filed Jan. 4, 2010.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Mary F. Hansbury, Morrison & Foerster LLP, San Francisco, CA, for Plaintiff–Appellant.

S. Scott Greenberg, Legal Department, Las Vegas, NV, for Defendant–Appellee.

Before: SCHROEDER and CALLAHAN, Circuit Judges, and LYNN,* District Judge.

## MEMORANDUM **

Appellant, Rhonda Wilkinson, appeals the district court's entry of summary judgment in her case alleging sexual harassment and unlawful retaliation during her employment by the Clark County School District.

Appellant alleged that the conduct of one of her coworkers was so severe and pervasive that it created a hostile work environment. *See Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 892 (9th Cir.2005). While some of the conduct complained of was unwelcome and sexual in nature, it was not so severe as to constitute a hostile environment. *See id.* Summary judgment was appropriate.

The retaliation claim is founded upon her permanent transfer to a different facility involving allegedly poor working conditions and reduced responsibilities. The transfer followed a threat by her direct supervisor that she would not have a career with the District if she pursued a harassment claim. This is indicative of an unlawful retaliatory motive. *See Bergene v. Salt River Project Agric. Improvement*

---

* The Honorable Barbara M. Lynn, U.S. District Judge for the Northern District of Texas, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

& Power Dist., 272 F.3d 1136, 1141–42 (9th Cir.2001). The employer claimed the transfer was motivated by concerns for the appellant's safety, so there are material issues of fact. Summary judgment was not appropriate on the retaliation claim.

AFFIRMED in part and REVERSED in part and REMANDED. Each party to bear its own costs.